HENRY H. HENDRICKS, Individually and as Executor of and Trustee under the Wills of JOSHUA HENDRICKS, Deceased, and of EDGAR HENDRICKS, Deceased, Respondent, *v.* HENRY S. HENDRICKS, Appellant, Impleaded with Others.

WILL — CONSTRUCTION OF RESIDUARY CLAUSE OF WILL CREATING TRUST ESTATE — EFFECT OF PROVISION THAT "THE ISSUE OF A DECEASED SON SHALL TAKE BY REPRESENTATION THE SHARE THE PARENT WOULD BE ENTITLED TO IF THEN LIVING." Where the residuary clause of a will creates a trust estate, and among other things provides that from and after the decease of said Rachael Brandon and until the decease of my

said wife, the trustees of the estate shall "pay to my said three sons two-eighths of the income of said trust estate; and upon the decease of my said wife" shall "pay the principal of the then remaining five-eighths of my said trust estate to my said three sons, share and share alike," and further provides that "in case of the decease of either of my three sons before the decease of their mother, leaving lawful issue, the issue of such deceased son shall take by representation the share the parent would be entitled to if then living, and in case of default of such issue, then my said executors shall pay over to my surviving sons equally the portion of said trust property herein bequeathed to the son so dying without issue,"— the issue of a son, dying before his mother, is placed in the precise position his father would have occupied as to the income and principal of the share of a son who predeceased his mother leaving no issue, *i. e.*, it was testator's intention not to deal with his sons as a class but to bestow upon the issue of a deceased son all the rights of the father; and where such testator died in 1893, after the death of said Rachael Brandon, leaving him surviving his widow and three sons, Henry, Clifford and Edgar, who died in 1894, leaving a son, his only child, and Clifford died in 1901 without issue, the grandson of the testator and testator's son Henry take one-half of the income of Clifford's share during the life of testator's widow, and one-half of the principal of that share at her death.

*Hendricks* v. *Hendricks*, 78 App. Div. 212, reversed.

(Argued January 20, 1904; decided February 16, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 9, 1903, which affirmed a judgment of Special Term construing the will of Joshua Hendricks, deceased.

The material portions of the will are subdivisions fourth and fifth, reading as follows:

"*Fourth.* All the rest, residue and remainder of my estate, both real and personal, of every nature and description of which I may die seized, possessed or entitled to, I order and direct my executors to sell and convert into cash, at such time or times and upon such terms as they may think best for the interest of my estate, and I give and bequeath the same to my executors hereinafter named, to have and to hold the same in trust, to invest and keep the same invested in such securities as they may deem safe, and to receive the interest and income thereof, and pay over the same as follows:

" I. To pay to my wife, Emma B. Hendricks, five-eighths of the income of my estate, until the decease of her mother, Mrs. Rachael Brandon, when my said executors shall thereafter pay to my said wife during her life, the income of three-eighths of my said trust estate.

" II. To pay equally to my three sons, Edgar B. Hendricks, Henry H. Hendricks and Clifford B. Hendricks, three-eighths of the income of my trust estate, during the lifetime of said Rachael Brandon, and upon her decease to pay three-eighths of the principal of said trust estate to my said three sons, share and share alike.

" Should said Rachael Brandon survive my wife, then upon the decease of my wife, to pay the principal of three-eighths of said trust estate equally to my said three sons.

" III. From and after the decease of said Rachael Brandon and until the decease of my said wife, to pay to my said three sons two-eighths of the income of said trust estate; and upon the decease of my said wife to pay the principal of the then remaining five-eighths of my said trust estate to my said three sons, share and share alike.

"*Fifth.* In case of the decease of either of my said three sons before the decease of their mother, leaving lawful issue, the issue of such deceased son shall take by representation the share the parent would be entitled to if then living, and in case of default of such issue, then my said executors shall pay over to my surviving sons equally the portion of said trust property herein bequeathed to the son so dying without issue."

*Charles E. Hughes* and *Grosvenor Nicholas* for appellant. It was the clear intention of the testator that the issue of a deceased son should take by representation whatever portion his father, as a surviving son, would have taken on the death of the testator's widow. (*Eyre* v. *Marsden,* 4 M. & C. 231; *Waite* v. *Littlewood,* L. R. [8 Ch. App.] 70; *Cooper* v. *Cooper,* 7 Houst. 488; *Slingluff* v. *Jahns,* 87 Md. 273; *Pond* v. *Bergh,* 10 Paige, 140; *Carter* v. *Bloodgood,* 3 Sandf. Ch.

293.) The infant defendant is entitled to receive the income of whatever portion of the estate he is presumptively entitled to take at the death of the testator's widow. (*Delafield* v. *Shipman,* 103 N. Y. 463 ; *Matter of Crossman,* 113 N. Y. 503 ; *Cook* v. *Lowry,* 95 N. Y. 103 ; *Mills* v. *Husson,* 140 N. Y. 99.)

*Samuel Riker, Jr.,* for respondent. It is clear that the testator intended that the share of a son dying without issue should go to the testator's surviving sons. (*Hamlin* v. *Stevens,* 32 Misc. Rep. 434.) The interest of each son of the testator vested immediately on the death of the latter. (*Manice* v. *Manice,* 43 N. Y. 303 ; *Corse* v. *Chapman,* 153 N. Y. 466 ; *Meeks* v. *Meeks,* 161 N. Y. 66 ; *Bowditch* v. *Ayrault,* 138 N. Y. 222 ; *Hersee* v. *Simpson,* 154 N. Y. 496 ; *Connelly* v. *O'Brien,* 166 N. Y. 406 ; *Robert* v. *Corning,* 89 N. Y. 225 ; *Bushnell* v. *Carpenter,* 92 N. Y. 270 ; *Matter of Young,* 145 N. Y. 535 ; *Matter of Embree,* 9 App. Div. 602.) If, however, the interest of each of the testator's sons is not vested but contingent, even then the only persons entitled to share in the proceeds of the interest of a son dying without issue are his surviving brothers. (*Matter of Russell,* 168 N. Y. 169 ; L. 1896, ch. 547, § 56 ; *Davis* v. *Davis,* 118 N. Y. 411 ; *Mullarky* v. *Sullivan,* 136 N. Y. 227 ; *Matter of Baer,* 147 N. Y. 348 ; *Matter of Allen,* 151 N. Y. 243 ; *Clark* v. *Cammann,* 160 N. Y. 315 ; *Matter of Crane,* 164 N. Y. 71.) The income of the several shares will devolve in the same manner as the capital. (*Delafield* v. *Shipman,* 103 N. Y. 463.)

BARTLETT, J. The testator, Joshua Hendricks, left him surviving his widow, Emma, and three sons, Edgar, Clifford and Henry H. The testator died in 1893 ; the son Edgar died in 1894, leaving the defendant and appellant, Henry S. Hendricks, his only child ; the son Clifford departed this life in 1901 without issue. The widow, Emma B. Hendricks, and the son Henry H. Hendricks still survive.

The mother of Emma B. Hendricks, Rachael Brandon, referred to in subdivision " Fourth " of the will, predeceased the testator, thereby requiring the payment to the sons of three-eighths of the principal of the trust estate at testator's death, share and share alike.

This appeal involves the question as to the disposition to be made of the principal and income of the share of the residuary estate bequeathed to the son Clifford, who died leaving no issue. The plaintiff, as the only surviving son of the testator, contends that after the death of his brother Clifford childless, he became entitled to the income of Clifford's share during the life of his mother, and at her death to the principal thereof. The defendant and appellant, Henry S. Hendricks, the grandson of the testator and sole surviving child of testator's son Edgar, insists that he and his uncle, the plaintiff, should receive equally the income of Clifford's share during the life of the widow, and at her death the principal thereof must be divided between them in like manner.

The Special Term adopted the theory of the plaintiff, and the Appellate Division affirmed the judgment, with a divided court.

The question presented must be answered by construing subdivision "Fourth" of the will, paragraph 3, and subdivision "Fifth," reading as follows:

"*Fourth.* \* \* \*

" III. From and after the decease of said Rachael Brandon and until the decease of my said wife, to pay to my said three sons two-eighths of the income of said trust estate ; and upon the decease of my said wife to pay the principal of the then remaining five-eighths of my said trust estate to my said three sons, share and share alike.

" *Fifth.* In case of the decease of either of my said three sons before the decease of their mother, leaving lawful issue, the issue of such deceased son shall take by representation the share the parent would be entitled to if then living, and in case of default of such issue, then my said executors shall pay over to my surviving sons equally the portion of said trust

property herein bequeathed to the son so dying without issue."

We are of opinion that the scheme of the testator and the reading of his will are plain, and that his intention is clearly expressed to place the issue of a son, dying before his mother, in the precise position his father would have occupied as to the income and principal of the share of a son who predeceased his mother leaving no issue. The evident intention of the testator was not to deal with his sons as a class, but to bestow upon the issue of a deceased son all rights of the father.

The testator was confronted by three possibilities — a son might die before his mother, childless ; a son might predecease his mother leaving issue ; all of his sons might survive their mother.

In paragraph " Fourth," subdivision III of the will, he dealt with the latter possibility and provided that upon the decease of his wife the principal of the remaining five-eighths of the trust estate should be paid to his three sons, share and share alike. Then contemplating that which as matter of fact did happen, he provided for it in subdivision " Fifth " of the will, to the effect that in the event either of the three sons died before his mother, leaving issue, the latter " shall take by representation the share the parent would be entitled to if then living." The words, " if then living," refer to the time when interest or principal is payable out of the share of a son who had died leaving no issue.

Applying this provision to the facts in this case, what is the situation disclosed ? Testator's son Edgar died in 1894, leaving his only child, Henry S. Hendricks, the appealing defendant, and in 1901, the son Clifford died, leaving no issue, so at the latter date Henry S. Hendricks, the only grandson, took by representation the share that his father, the testator's son Edgar, would have taken " *if then living*," which was one-half of the income of Clifford's share during the life of testator's widow, and one-half of the principal of that share at her death.

We not only regard this as the proper reading of the will, but as a most natural disposition of testator's estate. The result is that testator makes no distinction between his surviving son Henry H. and his deceased son Edgar, the issue of the latter being permitted to stand in his father's place.

The judgments of the Special Term and Appellate Division should be reversed, with costs to the appealing defendant in all the courts to be paid out of the estate, and judgment entered in his favor, according to the views expressed in this opinion.

PARKER, Ch. J., GRAY, O'BRIEN, MARTIN, VANN and WERNER, JJ., concur.

Judgments reversed, etc.